IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ENG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARCUS & MILLICHAP COMPANY, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 10-05050 CRB<br><br>**MEMORANDUM AND ORDER IMPOSING SANCTIONS AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT** |

Presently before the Court are defense Motions (1) for sanctions and (2) to declare Plaintiff Martin Eng to be a vexatious litigant. Eng has voluntarily dismissed the Complaint that started this action, but the Motions for sanctions and to declare Eng to be a vexatious litigant remain before the Court. Dkts. 25, 34. The Court holds as follows:

- The Motion for Sanctions is GRANTED and Eng is Ordered to pay $1000 toward Defendants' attorneys' fees.[1]

- The Motion to Declare Eng to be a vexatious litigant is GRANTED. Eng is required to obtain pre-filing permission before filing any new *pro se* actions in this Court that name as parties Defendants or other individuals associated with this action.

---

[1] Defendants actual attorneys' fees are over $45,000. The Court is imposing a reduced sanction of $1000 because, although there is some uncertainty regarding the extent of Eng's financial resources, the Court is not convinced on the record before it that Eng has sufficient resources to justify a sanction greater than $1000.

## I.   JURISDICTION

Eng argues that this Court lacks jurisdiction to hear Defendants' Motions because he has voluntarily withdrawn his case pursuant to Rule 41. May 13, 2011 Ltr. from Eng. to Court (dkt. 44). This argument is without merit. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) (district court can impose sanctions after plaintiff voluntarily dismisses action because "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending."). The same logic applies to the Motion to declare Eng a vexatious litigant.

Thus, this Court has jurisdiction to entertain Defendants' Motions.

## II.   ENG SHOULD BE SANCTIONED

### A.   Background

Eng filed this suit the same day he was tentatively declared a vexatious litigant by the state court.[2] Request for Judicial Notice in Supp. of Mot. to Dismiss ("RNJ") (dkt. 22) Ex B, Order Granting Defendants' Motion for Prefiling Order for Vexatious Litigant and to Require Security.[3] The nearly identical state court action was then dismissed with prejudice on February 17, 2011 when Eng failed to post a required bond. Id. Ex. C.

Defendants wrote a letter to Eng on November 23, 2010 and said that failure to withdraw the Complaint would result in Defendants seeking (1) Rule 11 sanctions and (2) a determination that Eng is a vexatious litigant. Rowe Decl. (dkt. 31) Ex. A. Then, on April 8, 2011, before the Complaint was withdrawn, Defendants served Eng with a copy of the Sanctions Motion. Id. Ex. B. His deadline for withdrawing the Complaint passed, Eng did not withdraw the Complaint, and Defendants filed the Sanctions Motion on April 29, 2011.

---

[2] Eng alleges, among other things, that, in the Spring or Summer of 2006, he entered into an agreement with Defendants under which they would act as his real estate agent in connection with the sale of a building he owned. Compl. (dkt. 1) ¶ 15. He appears to claim further that Defendants deterred potential buyers from viewing and/or bidding on this property, with the apparent purpose of driving down the property's price so Defendants could purchase it inexpensively and resell it for a profit. Id. ¶ 19.

[3] The tentative ruling was made final the next day.

Dkt. 25. Subsequent to the filing of the Sanctions Motion, Eng voluntarily dismissed his Complaint. Dkt. 42.

### B.    Legal Standard

Rule 11 provides in pertinent part as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> . . . .
>
> (c) Sanctions.
>
>    (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> . . . .
>
>    (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
>
> . . . .

> (6) **Requirements for an Order.** An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed. R. Civ. P. 11.

## C. Discussion

### 1. Eng Has Committed Sanctionable Conduct

The Complaint violates at least two of the Rule 11(b) requirements.

<u>First</u>, the Complaint was filed for the improper purpose of harassing Defendants. Rule 11(b)(1). It was filed the day Eng was tentatively declared a vexatious litigant by the state court and ordered to post a bond of $100,000 to continue that action. Rather than comply with the state court's order, but without dismissing his state court complaint, Eng rushed to this Court and filed essentially the same lawsuit, adding a RICO allegation to establish federal jurisdiction. Further, Eng's intent to harass is shown via threatening emails sent directly to Defendants (despite being told by defense counsel that he could not communicate directly with Defendants) and defense counsel. Rowe Decl. (dkt. 31) Exs. C-G; Devincenti Decl. (dkt. 29) Exs. A-E; Yoch Decl. (dkt. 28) Exs. D-E. Indeed, Eng went so far as to contact defense counsel's law partners to encourage them to fire her. Rowe Decl. (dkt. 31) Ex. F.

<u>Second</u>, and perhaps more egregiously, the Complaint includes multiple allegations that appear to be flatly false. The most fundamental of these false allegations underpin his entire case. Eng's core complaint is that (1) he had an agreement with Defendants under which they would be the listing agent for property he was selling; (2) they failed to act in his interest and in fact conspired to and did drive down the price of his property; and (3) they did the foregoing to purchase his property at below market rates. None of these allegations are true. Yoch Decl. (dkt. 28) ¶ 3-5, 8; Devincenti Decl. (dkt. 29) ¶ 5. Rather, the record reveals that (1) Eng had only preliminary discussions with some Defendants about the <u>possibility</u> of them being his listing agent, <u>but he never entered into an agreement with Defendants to have them list his property</u> and in fact listed the property himself and (2) Defendants never

4

purchased any property from Eng at any price.[4]  Id.  The falsity of these critical allegations undermines the entire Complaint and is sanctionable conduct.[5]

### 2. The Appropriate Sanction: An Attorneys' Fees Award of $1000

A court should consider nine factors in deciding an appropriate sanction: (1) whether the conduct was willful; (2) whether it was part of a pattern of activity; (3) whether it infected an entire pleading; (4) whether the person has engaged in similar conduct in other litigation; (5) whether it was intended to injure; (6) the time and expense that was lost as a result; (7) whether the person is trained in the law; (8) what amount, given the financial resources of the responsible person, is needed for deterrence; and (9) what amount is needed to deter similar activities by other litigants.  Committee Notes on Amendments to Federal Rules of Civil Procedure 146 F.R.D. 401, 588 (1993).

As a general matter, Eng engaged in the litigation version of asymmetrical warfare. He knew that he could prosecute this action on a *pro se* basis for little or no out-of-pocket expense.  He further knew that companies like Marcus & Millichap will expend tens of thousands of dollars defending even nuisance suits.  He appears to have hoped that Defendants would pay him some sort of nuisance settlement.  See, e.g., Rowe Decl. (dkt. 31) Ex. C, Sept. 23, 2010 Email from Eng to Rowe ("My offer still stand for this week; otherwise it will be too late.  I have some ideas that are legal and will cost them many millions.  Reputation and goodwill is valuable.  MM is worth about a Billion.  Now is the game of ego

---

[4] Eng also named one Defendant, Daniel Ng, who had no relationship to any possible claims he could have against the other Defendants.  Eng describes Ng in the Complaint as an "agent and associate[] of Marcus & Millichap and participates [sic] the conspiracy complained of here."  Compl. (dkt. 1) ¶ 5-6.  In fact, Ng has no relationship with Marcus & Millichap and instead was a tenant of Eng's.  Ng Decl. (dkt. 27) ¶ 2 ("I have no connection to Marcus & Millichap . . . other than being a co-defendant in this lawsuit . . . .  I have never worked for or with Marcus & Millichap Company or any of its subsidiaries or affiliates.  I have never been a licensed real estate agent."); ¶ 3 ("I first met Mr. Eng in 2007 when I rented an apartment room from him.  This rental ultimately became the subject of a San Francisco Rent Board action against Mr. Eng, because unknown to me Mr. Eng was not the owner of the building . . . .").

[5] Eng filed a letter with the Court on May 13, 2011 generally denying the allegations in the sanctions motion and then filed a late Opposition again disputing Defendants' factual assertions.  The Court finds Eng's denials incredible in light of the countervailing evidence submitted by Defendants.

5

and not money."); Devincenti Decl. (dkt. 29) Ex. B, Sept. 30, 2010 Email from Eng to Devincenti ("Once the legal warfare started, millions in damages.").[6]

A review of the specific factors cited above further supports an attorneys' fees sanction. <u>First</u>, Eng acted willfully. His nearly identical case was dismissed from state court. <u>Second</u>, there is a pattern of wrongful activity directed toward these Defendants, as demonstrated by the dismissed state court action. <u>Third</u>, Eng's false statements pervade the entire pleading. <u>Fourth</u>, Eng has engaged in similar conduct before. He has been a party to approximately 100 suits, roughly half as a plaintiff. RJN (dkt. 32) Ex. 8, 9. Further, the state court has already declared him a vexatious litigant. <u>Id.</u> Ex. 6. <u>Fifth</u>, Eng's conduct appears to have been intended to injure by driving up litigation costs in pursuit of a nuisance settlement. <u>Sixth</u>, Eng's actions have caused significant time loss to Defendants, the state court, and now this Court. <u>Seventh</u>, although Eng is not a lawyer, he has familiarity with legal proceedings, as demonstrated by his rather extensive litigation history. <u>Finally</u>, specific and general deterrence would be served by a sanction of $1000 toward Defendants' attorneys' fees because (1) Eng does not appear to be wealthy, notwithstanding assertions by Defendants (that might well be true) that he fabricated his *in forma pauperis* application; (2) $1000 is a considerable sum of money to an individual and is, in the Court's view, sufficient to deter him and the general public from filing frivolous pleadings; and (3) he has withdrawn the Complaint, albeit after the Motion for Sanctions was filed.

Accordingly, requiring Eng to pay $1000 toward Defendants' attorneys' fees is an appropriate sanction.

## III. ENG IS A VEXATIOUS LITIGANT

Defendants also move to have Eng declared a vexatious litigant such that he will be required to obtain pre-filing review of any *pro se* action he files in federal court in California. Dkt. 34. The bases for this Motion are, broadly speaking, (1) Eng's actions in the state court

---

[6] Eng argues that there is nothing wrong with making settlement demands. May 13, 2011 Ltr. from Eng to Court (dkt. 45). True. But there must be a good faith belief in the facts supporting a claim before a settlement demand is appropriate. Here, because the core allegations of the Complaint were false, making a settlement demand and threatening further litigation and related action was improper.

6

1  and this Court directed toward these Defendants; and (2) the fact that Eng has been a party to
2  roughly 100 lawsuits and a plaintiff (often *pro se*) in half of those.  Although Defendants
3  have shown that Eng should be required to seek pre-filing review before filing a *pro se*
4  complaint against them in this Court, they have not established the propriety of a broader
5  pre-filing order based on the record now before the Court.

### A. Legal Standard

This Court has the authority to require Eng to secure permission before filing *pro se* complaints.  See 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").  A pre-filing review order is appropriate if (1) the plaintiff is given adequate notice and an opportunity to oppose the order; (2) there is an adequate record for review; (3) the Court makes findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored. Johns v. Town of Los Gatos, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993).

### B. The Standard For Imposition of a Pre-Filing Review Order is Met Here

The foregoing discussion as to why sanctions are appropriate shows that Eng's actions were frivolous and harassing.  See II.C.1.  He twice filed (and dropped) essentially the same action against the same Defendants.  He filed suit in this Court immediately after being declared a vexatious litigant by the state court.  Further, he as a history of filing lawsuits.  For example, since 2007 he has filed four lawsuits in this Court alone, three of which were *pro se*.  07-223-WHA (dismissed under Rule 41(a)); 10-1776-RS (motion to dismiss pending, includes allegations that suit was frivolously filed after Eng lost ruling requiring case to be heard in Oklahoma); 9-5908-BZ (judgment against Eng); 10-5050-CRB (the instant action).  He has been a party in approximately 100 lawsuits, half of them as a plaintiff.  RNJ (dkt. 37) Ex. 8.  His conduct with respect to these Defendants and more generally as a litigious plaintiff thus supports a requirement that he obtain permission to file further *pro se* suits against these Defendants (and certain others) in this Court.

//

7

### C. The Order Is Narrowly Tailored

The final requirement for a pre-filing review order is that it be narrowly tailored. Here, the Order is narrowly tailored such that it (1) covers only Defendants and a few others involved in this action;[7] and (2) applies only to *pro se* complaints.

## IV. CONCLUSION

Eng has violated Rule 11 by filing a frivolous Complaint. By way of sanction, he is HEREBY ORDERED to pay Defendants $1000 toward their attorneys' fees. To effectuate that payment, Eng shall provide a $1000 check or money order to Cooper White & Cooper LLP, Defendants' law firm, within 60 days of the date of this Order. Upon receipt of the $1000, Cooper White & Cooper shall credit Defendants' account.

Further, Eng is hereby declared a vexatious litigant. The Clerk of this Court may not file or accept any further *pro se* complaints filed by Eng that name as defendants the entities and individuals identified in footnote 7 of this Order. If Eng wishes to file a *pro se* complaint against any of the entities and individuals identified in footnote 7 of this Order, he shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the *pro se* complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing.

**IT IS SO ORDERED.**

Dated: June 3, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[7] The entities and individuals covered by this Order include: (1) Marcus & Millichap Company and its officers, directors, employees, agents, subsidiaries, and affiliates, including, without limitation, Marcus & Millichap Real Estate Investment Services, Inc.; (2) George M. Marcus; (3) William A Millichap; (4) James Devincenti; (5) Gregory Yoch; (6) Cooper, White & Cooper (counsel for moving Defendants) and its attorneys and employees, including without limitation Jill Rowe, Mark Schreiber, William Norman and Cathie Coyle; (7) Daniel Ng; (8) Elizabeth Lee; and (9) Kletter Law Firm (counsel for Elizabeth Lee), and its attorneys and employees, including without limitation Cary Kletter.